## ALEXANDER BEARD *v.* G. B. RUNYAN.

[Abstract Kentucky Law Reporter, Vol. 6—514.]

**Fraudulent Conveyance.**
> Where one is in failing circumstances, he may sell his land and convey it to his creditor for a consideration not grossly inadequate and thus pay such debt or allow a part of the consideration to be applied on such debt and such a conveyance is not fraudulent.

### APPEAL FROM METCALFE CIRCUIT COURT.

January 13, 1885.

OPINION BY JUDGE HOLT:

The appellee, G. B. Runyan, being a judgment creditor of the vendor, brought this action on April 29, 1881, seeking to set aside as fraudulent a conveyance made by Elizabeth Slemmons to the appellant Beard on June 3, 1873, of a tract of land for the recited cash consideration of $450.

It is manifest that the judgment of the lower court must be reversed because it not only deprived the purchaser of the land but

required him to pay a portion of the purchase money that yet re-mained in his hands.

He was also charged with the rents of the land from the time he got possession of it; and although the greater portion of this time the vendor rented it of him, yet he was allowed no credit as against him therefor.

But the question at the threshold is, has it been satisfactorily shown that the sale was fraudulent? There can be no doubt but that the appellant had an honest valid debt of about $300 against Mrs. Slemmons and her son, Washington Slemmons, the latter be-ing the principal in it, and the release and payment of which con-stituted that much of said $450; and while she may and doubtless did intend to prefer the appellant and pay his debt, while others of her creditors remained unpaid, yet this was not in itself fraudu-lent as to them, and the appellant had a right, if he could do so, to thus obtain the payment of his debt. *Whitehead et al. v. Wood-ruff, et al.,* 11 Bush (Ky.) 209.

The fact, that the note evidencing this debt was handed back by her to him a month or so after the purchase of the land, is entitled to no weight in considering this question since it is clearly shown that it was done that the appellant might give it to an at-torney to be asserted for Mrs. Slemmons against the bankrupt estate of her son, Washington, and that it was in fact so asserted.

It is true the conveyance is attended with some suspicious cir-cumstances. While the appellant was not related to his vendor, yet his sister had married one of her sons.

The remainder of the purchase money after the satisfaction of the appellant's note was, as he and another witness testifies, paid in money; and thereafter it was given back to the appellant to be handed by him to her son, John C. Slemmons, to be kept by him for her. She was living with her son, Washington, and he was insolv-ent. John refused to receive it, and thereafter the appellant kept it for her and had at her death in 1878 paid her about one-half of it; but $50 of that which was so paid was by way of rent at $10 a year for the land appellant had bought of her and which she had rented of him.

There is nothing in the record tending to show that the appellant was not a suitable person to perform this office for the old lady. The worst mark about it and which does not speak favorably to

the court for the appellant is, that although Mrs. Slemmons' estate was insolvent, yet the appellant never disclosed the fact that he had a balance of $75 in his hands belonging to her until he filed his answer in this case.

When the conveyance was made the vendor was largely indebted by reason of suretyship for her son, Washington, but this fact argues most strongly perhaps in appellant's favor, since the court is satisfied that he held the $300 debt, which went in part payment of the land, and that the purchase was made to obtain its payment.

The above circumstances however so far as they tend to cloud the transaction with suspicion do not in our opinion warrant the judgment below which held that the conveyance was fraudulent. The law requires the fraud to be proven. (*Marksburg, et al. v. Taylor, et al.,* 10 Bush, 519), and they are overborne by other facts appearing in the record.

The appellant had a valid debt, which paid two-thirds of the purchase money. The conveyance was recorded on June 5, 1873, and its existence known to the neighbors. It was allowed to remain unassailed for nearly eight years, the grantor dying in the meantime, and the appellant making at least two sales of portions of the land.

The testimony as to the value of the land at the date of the sale to the appellant is very conflicting. Taking the average of it the price paid by appellant falls somewhat below it, but not grossly so; while the fact that the high price bid for it at two sales under the judgment of the lower court was but $390, tends strongly to show that it is not likely it was worth over $450 in its unimproved condition when purchased by the appellant in 1873.

The appellant admits in his answer that he has $75 of the purchase money of the land in his hands and offers to pay the same as the court may order, and this the court below should decree and distribute as may be proper, and if necessary secure its payment by adjudging and enforcing it together with interest thereon from the date of Mrs. Slemmons' death until payment, as a lien on the land purchased by the appellant of her; but save to the extent costs may be incurred in so doing, the appellant should be allowed his costs in this suit; and both judgments appealed from are

*reversed* and cause remanded for further proceedings consistent with this opinion.

*Garrett & Dehoney, A. Duvall, for appellant.*